**WO**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America

v.

***ORDER OF DETENTION PENDING DISPOSITION***

Ryan Adair Moses        Case Number:  CR 07-01246-001-PHX-FJM

In accordance with FRCP 32.1 and 18 U.S.C. § 3143(a)(1), a detention hearing has been submitted to the Court.  I conclude that the following facts are established:  *(Check one or both, as applicable.)*

☒        the defendant is a danger to the community and requires the detention of the defendant pending disposition in this case.

☒        the defendant is a serious flight risk and requires the detention of the defendant pending disposition in this case.

### PART I -- FINDINGS OF FACT

☐        (1)        The defendant has been convicted of a federal offense (or a state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

- ☐        an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, 955a (Section 1 of Act of Sept. 15 1980), or 46 U.S.C. App. § 1901 et seq.
- ☐        an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).
- ☐        an offense listed in 18 U.S.C. § 3156(a)(4) (defined as crime of violence) or 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.
- ☐        an offense for which the maximum sentence is life imprisonment or death.
- ☐        a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐        an offense involving a minor victim prescribed in _____.[1]
- ☐        any felony that is not a crime of violence but involves:
  - ☐        a minor victim
  - ☐        the possession or use of a firearm or destructive device or any other dangerous weapon
  - ☐        a failure to register under 18 U.S.C. § 2250

☐        (2)        The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐        (3)        A period of not more than five years has elapsed since the date of conviction or release of the defendant from imprisonment for the offense described in finding (1).

☐        (4)        The defendant has not rebutted the presumption established by the above Findings of Fact that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☐        (1)        There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐        (2)        No condition or combination of conditions will reasonably assure the safety of others and the community.

☐        (3)        There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☒        (4)        The defendant has failed to prove by clear and convincing evidence that he does not pose a risk of flight or danger to the community.

---

[1]Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse),  § 2244(a)(1) (certain abusive sexual content) § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☐    (1)    I find that the credible testimony and information submitted at the hearing establish by clear and convincing evidence as to danger that:

_____

_____

_____

☐    (2)    I find by a preponderance of the evidence as to risk of flight that:

        ☐    The defendant has no significant contacts in the District of Arizona.

        ☐    The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

        ☐    The defendant has a prior criminal history.

        ☐    There is a record of prior failure(s) to appear in court as ordered.

        ☐    The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

        ☐    The defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____.

☐    The defendant does not dispute the information contained in the petition, except:

_____

☒    In addition:
The defendant submitted the issue of detention and is alleged to have violated conditions of supervised release.

_____

_____

        The Court incorporates by reference the findings of the Probation Office which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

        The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

        IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Probation Office at least one day prior to the hearing set before the District Court.  Pursuant to Rule 59(a), FED.R.CRIM.P., effective December 1, 2009, Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the district court.  Failure to timely file objections in accordance with Rule 59(a) may waive the right to review. 59(a), FED.R.CRIM.P.

        IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify the Probation Office sufficiently in advance of the hearing before the District Court to allow Probation an opportunity to interview and investigate the potential third party custodian.

DATED this 6th day of September, 2012.

*Michelle H. Burns*

Michelle H. Burns
United States Magistrate Judge